IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD B. JONES,

        Plaintiff(s),                07cv1537
                                              **ELECTRONICALLY FILED**

   v.

PPG INDUSTRIES, INC.,

        Defendant(s).

<u>**Memorandum Order**</u>

Pending before this Court is plaintiff's Motion to Modify or Vacate Arbitration Award (doc. no. 19), and response in opposition thereto (doc. no. 21). Plaintiff argues that the arbitrator's rulings regarding defendant's spoliation of evidence in the arbitration proceeding in the form of email communications and missing investigatory files merits more severe sanctions than the arbitrator ultimately determined in his comprehensive and thorough 44 page Opinion and Award. In light of this Court's narrow scope of review of an arbitration award pursuant to section 10(b) of the Federal Arbitration Act, 9 U.S.C. § 10(b), this Court will affirm the Opinion and Award of the arbitrator, and will therefore DENY plaintiff's Motion to Modify or Vacate the Arbitration Award.

## I.      Procedural History/Facts

On June 2, 2004, plaintiff, Donald Jones, an African-American engineer who was approximately 58 years of age, filed a complaint through defendant PPG's arbitration program (entitled the "RESOLVE" program), alleging unlawful discrimination and retaliation against PPG. During the pendency of plaintiff's arbitration proceeding, on November 12, 2007, he filed a complaint in this Court. This Court stayed the proceedings on May 9, 2008 pending resolution of the internal proceedings. (Doc. No. 17).

On December 12, 2008, arbitrator David Breen issued a 44 page Opinion and Award, denying plaintiff's claims of discrimination and retaliation against PPG. In his motion to vacate or modify the Opinion and Award, plaintiff takes issue only with the arbitrator's rulings regarding spoliation of evidence.

In the Opinion and Award, arbitrator Breen makes two rulings on the spoliation issue. First, he ruled that with regard to the emails, no relevant emails in fact went missing. Second, he ruled with regard to the investigatory files, that there was inexcusable neglect by PPG in failing to retain the files, and that an adverse inference was warranted. Nonetheless, the arbitrator found that the adverse inference was not sufficient to overcome his conclusion against plaintiff on the merits.

Plaintiff argues that the arbitrator committed manifest error by ruling in favor of PPG on the emails and by "tacitly approv[ing]" PPG's spoliation of the investigation files. Plaintiff seeks this Court to vacate the decision of the arbitration on the spoliation issue and remand for a new arbitration proceeding before another arbitrator, or to modify the award by making a factual finding that PPG acted in bad faith during the discovery and arbitration hearing and to sanction PPG more fully.

## II.     Standard of Review

Section 10 of the Federal Arbitration Act ("FAA"), provides that the district court may only vacate an arbitrator' s award:

> (1) where [it] was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*O'Leary v. Salomon Smith Barney, Inc.*, 2008 WL 5136950 (D. N. J. 2008)(quoting 9 U.S.C. §

10(b)).  The United States Court of Appeals has recognized an additional, judicially created

ground for vacatur, which is an arbitration award that is in manifest disregard for the law.

*Roadway Sys. v. Kayser*, 257 F.3d 287, 291 n. 1 (3d Cir. 2001).[1]

    Review of arbitration awards under the FAA is "extremely deferential." *Dluhos v.*

*Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003).  "[V]acatur is appropriate only in 'exceedingly

narrow' circumstances[.]" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente*, 272

Fed.Appx. 174 (3d Cir. 2008), quoting *Metromedia Energy, Inc. v. Enserch Energy Servs*., 409

F.3d 574, 578 (3d Cir.2005).  Further, this Court's role in reviewing the outcome of the

arbitration proceedings is not to correct factual or legal errors made by an arbitrator.  *Major*

*League Umpires Ass'n v. American League of Professional Baseball*, 357 F.3d 272, 279-80 (3d

Cir. 2004).  "Rather, arbitration awards enjoy a strong presumption of correctness that may be

overcome only in certain limited circumstances, as described above."  *Id*.

    ### III.    Findings

    ### A.    Regarding Emails

    While the Court recognizes that plaintiff points out some seeming inconsistencies in the

rulings of the arbitrator with regard to the emails, this Court cannot say there is no record support

for the arbitrator's finding.  Given this Court's "exceedingly narrow" scope of review, especially

with regard to the fact findings of the arbitrator, the Court cannot and will not substitute its views

---

[1]Defendant correctly notes that in light of the United States Supreme Court's recent
holding in *Hall Street Assoc. v. Mattel, Inc.*, ___ U.S. ___, 127 S.Ct. 1396, 1404 (2008), it is
unclear whether the doctrine of "manifest disregard" will continue to be viable or whether it is
merely a reference to subsections 1-4 of Section 10(b).  The Court need not reach this issue
because plaintiff's arguments of error do not come close to demonstrating that the arbitrator
manifestly disregarded the law.

for that of the arbitrator.

**B.      Regarding Investigatory Files**

The arbitrator made a finding that the misplacement or loss of the investigatory files amounted to inexcusable negligence, thus resulting in a favorable adverse inference for the plaintiff.  The arbitrator found after considering the adverse inference, along with all of the evidence as a whole, plaintiff did not demonstrate that PPG discriminated or retaliated against him.  This Court deems the arbitrator's decision as to the relative strength of an adverse inference to be a factual finding, because it involves an inherently factual undertaking of weighing the inference against the other evidence in the case, and as above, the Court will not substitute its views for the arbitrator.

**IV.      Conclusion**

In conclusion, in light of the extremely deferential standard of review, this Court will not vacate or modify the Opinion and Award of the arbitrator with regard to spoliation.  The Court finds that there is no evidence that the decision of arbitrator Breen was procured by corruption, fraud, or undue means.  Nor is there is evidence that arbitrator Breen "manifestly disregarded" the law in applying the adverse inference while still finding that PPG did not unlawfully discriminate against plaintiff.  Accordingly, for the reasons set forth hereinabove, plaintiff's motion to modify or vacate the arbitration award (doc. no. 19) is DENIED, and the Court therefore affirms the Opinion and Award of the arbitrator.

SO ORDERED this 13th day of March, 2009.

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge

cc:      All counsel of record