IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD B. JONES,

        Plaintiff,                            07cv1537

                                             **ELECTRONICALLY FILED**

    v.

PPG INDUSTRIES, INC.,

        Defendant.

## MEMORANDUM ORDER

On March 10, 2009, this Court entered an Order (doc. no. 22) denying plaintiff's Motion to Modify or Vacate Arbitration Award (doc. no. 19), in light of this Court's narrow scope of review of an arbitration award pursuant to section 10(b) of the Federal Arbitration Act, 9 U.S.C. § 10(b). Defendant PPG Industries, Inc. has now filed a Motion to Confirm Arbitration Award and to Dismiss the Complaint (doc. no. 23) pursuant to 9 U.S.C. § 9, which provides, in relevant part, that where the parties have agreed that a judgment of the court shall be entered upon an award made pursuant to the arbitration, "then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title. . . ."

After careful consideration of the motion and brief in support and plaintiff's brief in opposition (doc. no. 25), the Court will confirm the award, and will dismiss plaintiff's complaint as he is bound by the arbitration award in defendant's favor.

On June 2, 2004, plaintiff, Donald Jones, an African-American engineer who was approximately 58 years of age, filed a complaint through defendant PPG's arbitration program

1

(entitled the "RESOLVE" program), alleging unlawful discrimination and retaliation against

PPG. During the pendency of plaintiff's arbitration proceeding, on November 12, 2007, he filed

a complaint alleging discrimination and retaliation in this Court. This Court stayed the

proceedings on May 9, 2008 pending resolution of the RESOLVE proceedings. (Doc. No. 17).

On December 12, 2008, arbitrator David Breen issued a 44 page Opinion and Award,

denying plaintiff's claims of discrimination and retaliation against PPG. In his motion to vacate

or modify the Opinion and Award, plaintiff took issue only with the arbitrator's rulings regarding

spoliation of evidence.

In the Opinion and Award, arbitrator Breen made two rulings on the spoliation issue.

First, he ruled that with regard to the emails, no relevant emails in fact went missing. Second, he

ruled with regard to the investigatory files, that there was inexcusable neglect by PPG in failing

to retain the files, and that an adverse inference was warranted. Nonetheless, the arbitrator found

that the adverse inference was not sufficient to overcome his conclusion against plaintiff on the

merits.

Plaintiff argued in his motion to vacate that the arbitrator committed manifest error by

ruling in favor of PPG on the emails and by "tacitly approv[ing]" PPG's spoliation of the

investigation files.

The motion to vacate was governed by Section 10 of the Federal Arbitration Act

("FAA"), which provides that the district court may only vacate an arbitrator' s award:

> (1) where [it] was procured by corruption, fraud, or undue means; (2) where there was
> evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty
> of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in
> refusing to hear evidence pertinent and material to the controversy; or of any other
> misbehavior by which the rights of any party have been prejudiced; or (4) where the

arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*O'Leary v. Salomon Smith Barney, Inc.*, 2008 WL 5136950 (D. N. J. 2008) (quoting 9 U.S.C. § 10(b)). The United States Court of Appeals for the Third Circuit has recognized an additional, judicially created ground for vacatur, which is an arbitration award that is in manifest disregard for the law. *Roadway Sys. v. Kayser*, 257 F.3d 287, 291 n. 1 (3d Cir. 2001).[1]

In denying the motion to vacate, this Court noted that review of arbitration awards under the FAA is "extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). "[V]acatur is appropriate only in 'exceedingly narrow' circumstances[.]" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente,* 272 Fed.Appx. 174 (3d Cir. 2008) (quoting *Metromedia Energy, Inc. v. Ensench Energy Servs.*, 409 F.3d 574, 578 (3d Cir.2005)). Further, this Court's role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator. *Major League Umpires Ass'n v. American League of Professional Baseball,* 357 F.3d 272, 279-80 (3d Cir. 2004). Rather, arbitration awards enjoy a strong presumption of correctness that may be overcome only in certain limited circumstances (as described above). *Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237, 241 (3d Cir. 2005).

In light of these extremely deferential standards of review, this Court found "no evidence

---

[1] The United States Supreme Court's recent decision in *Hall Street Assoc. v. Mattel, Inc.,* ___ U.S. ___, 127 S.Ct. 1396, 1404 (2008), indicates that the section 10 statutory grounds for vacatur are exclusive, and that "manifest disregard" is not a separate grounds for vacatur, but rather, is merely a shorthand description of subsections 1-4 of Section 10(b). This Court did not decide the issue of whether *Hall Street* has eliminated manifest disregard as an independent grounds for vacatur, because plaintiff's assignments of error did not come close to demonstrating either any of the statutory bases for vacatur or that the arbitrator manifestly disregarded the law.

that the decision of arbitrator Breen was procured by corruption, fraud, or undue means.  Nor is

there is evidence that arbitrator Breen 'manifestly disregarded' the law in applying the adverse

inference while still finding that PPG did not unlawfully discriminate against plaintiff."

Memorandum Opinion (doc. no. 22), at 4.   The Court therefore denied plaintiff's motion to

modify or vacate the arbitration award and affirmed the Opinion and Award of the arbitrator.

Absent a statutory basis for vacating or modifying an award, an arbitration award is

considered proper and the Court *must* grant a motion to confirm the arbitration award.  9 U.S.C.

§ 9; *Hall Street Assoc., L.L. C. v. Mattel, Inc.*, ___ U.S. ___, 128 S.Ct. 1396, 1405 (2008) (Under

the FAA, the Court, "[o]n an application for an order confirming [an] arbitration award . . . 'must

grant' the order 'unless the award is vacated, modified, or prescribed in sections 10 and 11 of this

title.' ").  Based upon this Court's denial of plaintiff's motion to vacate, defendant asserts that the

plain language of section 9 of the FAA, and the strong presumption of correctness of arbitration

awards under the FAA, require this Court to confirm the arbitration award.  The Court agrees.

Plaintiff asserts in his brief in opposition that discovery made in a separate class action

ADEA case (*Rupert v. PPG*, Civil Action No. 07-705, W.D. Pa.) constitutes newly discovered

evidence that supports his spoliation claim and buttresses his argument that defendant was less

than forthcoming in its discovery obligations in the arbitration proceeding.  This evidence

consists of certain remarks made by an unknown author at PPG which remarks, plaintiff argues,

are relevant to his arbitrated age and race based discrimination and retaliation claims.  In light of

the extensive arbitration record in this case, the Court finds that these stray remarks were not

likely to have produced any different result in the arbitration proceedings.  More importantly,

these handwritten notes produced as part of the massive discovery in the *Rupert* case do not show

that defendant engaged in corruption, fraud, or other undue means to obtain the award.  Thus, the Court finds no basis upon which to vacate the award.

Accordingly, this Court must confirm the arbitration award.  Moreover, since the parties agreed to be bound by the award, the Court will also dismiss plaintiff's complaint.  An appropriate Order will be entered.

April 27, 2009.                                        s/Arthur J. Schwab
                                                       Arthur J. Schwab
                                                       United States District Judge


cc:      All counsel of record